UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                         Case No. 3:21cr034/MCR

KEVIN P. PEEBLES.
_____/

**ORDER**

Defendant Kevin P. Peebles pled guilty to one count of possessing and accessing with intent to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Peebles' Presentence Investigation Report ("PSR") applies the 10-year mandatory minimum sentence required by § 2252A(b)(2) based on Peebles' two prior misdemeanor convictions for sexual battery in Virginia.[1] Peebles argues that his prior convictions are not qualifying predicates for a mandatory minimum here because the Virginia statute under which he was previously convicted, Va. Code § 18.2-67.4, "does not require as an element of the offense [] that the complaining witness be a minor," which he believes is a

---

[1] Peebles was originally charged with one felony—aggravated sexual battery by sexually abusing a victim who was less than 13 years old, in violation of Va. Code § 18.2-67.3. He ultimately pled guilty to, and was convicted of, two offenses—one amended charge of misdemeanor sexual battery, and one additional charge of sexual battery, in violation of Va. Code § 18.2-67.4.

prerequisite to the application of § 2252A(b)(2). Peebles' argument is squarely foreclosed by Supreme Court precedent.

Briefly, a conviction for possessing and/or accessing with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) generally carries a maximum sentence of 10 years' imprisonment. *See* 18 U.S.C. § 2252A(b)(2). However, if the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," the statute requires a ten-year minimum sentence. *See id.* Significantly, the Supreme Court has held in the context of a materially identical statute, 18 U.S.C. § 2252(b)(2), that only a prior state conviction relating to "abusive sexual conduct" must "involv[e] a minor or ward" for purposes of the mandatory minimum penalty.[2] *See Lockhart v. United States*, 577 U.S. 347, 349 (2016); *United States v. Johnson*, 681 F. App'x 735, 739 (11th Cir. 2017) (applying *Lockhart* to "identical" penalty language in § 2252A(b)). Prior state convictions for "aggravated

---

[2] Section § 2252(b) is the penalty provision for violations of § 2252(a), which criminalizes certain activities relating to material involving the sexual exploitation of minors. It requires a 10-year minimum sentence for defendants convicted under § 2252(a)(4) who have "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." *See* 18 U.S.C. § 2252(b)(2). In *Lockhart*, the Supreme Court considered whether the phrase "involving a minor or ward" in 18 U.S.C. § 2252(b)(2) modifies all three categories of predicate offenses preceding the phrase (i.e., aggravated sexual abuse, sexual abuse, and abusive sexual conduct) or only the predicate offense that immediately preceded it (i.e., abusive sexual conduct). *See* 577 U.S. at 349. The Court held that the phrase "involving a minor or ward" modifies only "abusive sexual conduct," and not "aggravated sexual abuse or sexual abuse." *Id*.

sexual abuse" and "sexual abuse" are qualifying § 2252A(b)(2) predicates "whether or not the convictions involved a minor or ward." *See Lockhart*, 577 U.S. at 361 (holding that a defendant's "prior conviction for sexual abuse of an adult is encompassed by § 2252(b)(2)"). Applying this binding authority here, Peebles' prior state convictions for sexual battery are qualifying § 2252A(b)(2) predicates—whether or not a minor was involved—so long as they relate to either "aggravated sexual abuse" or "sexual abuse."

Peebles does not argue that his sexual battery convictions do not relate to sexual abuse. For the avoidance of doubt, the Court finds that the convictions are encompassed within § 2252A(b)(2). To determine whether a prior conviction triggers the § 2252A(b)(2) enhancement, sentencing courts generally employ a categorical approach, looking only to the statutory definition of the offense, without inquiring into the defendant's specific conduct in committing it. *See United States v. Johnson*, 681 F. App'x at 738 (citing *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016)). Under this approach, courts must presume that the defendant's conviction "rested upon nothing more than the least of the acts criminalized" by the statute and determine whether, in all instances, those acts "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See id*. (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013)). In the § 2252A(b) context, the term "sexual abuse" means "misuse or maltreatment for the

purpose of libidinal gratification." *See id*. at 740.  Additionally, the Eleventh Circuit has emphasized that the term "relating to" must be interpreted broadly in the context of child exploitation offenses, as "§ 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse," but rather, "for any state offense that stands in some relation, bears upon, or is associated with that generic offense."  *United States v. McGarity*, 669 F.3d 1218, 1262 (11th Cir. 2012).

At the time of Peebles' convictions in 2010, *all* of the acts criminalized by Virginia's sexual battery statute required the commission of an act intended to "sexually molest, arouse, or gratify any person" and either:

(a) The accused intentionally touche[d] the complaining witness's intimate parts or material directly covering such intimate parts;

(b) The accused force[d] the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts;

(c) If the complaining witness is under the age of 13, the accused cause[d] or assist[ed] the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or

(d) The accused force[d] another person to touch the complaining witness's intimate parts or material directly covering such intimate parts.

*See* Va. Code. §§ 18.2-67.4; 18.2-67.10.  There can be no reasonable dispute that, in all instances, those acts "stand[] in some relation, bear[] upon, or [are] associated

with," *see McGarity*, 669 F.3d at 1262, the "misuse or maltreatment [of another] for the purpose of libidinal gratification, *see Johnson*, 681 F. App'x at 740. Thus, a conviction under Va. Code § 18.2-67.4 clearly "relat[es] to . . . sexual abuse" as those terms are defined in Eleventh Circuit precedent. Accordingly, Peebles' objection to the application of the mandatory minimum penalties in § 2252A(b)(2) is overruled.

**SO ORDERED**, on this 18th day of November, 2021.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**